Singh v. Barr

BIA
Poczter, IJ
A206 462 579

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of July, two thousand nineteen.

PRESENT:
  JON O. NEWMAN,
  JOHN M. WALKER, JR.,
  CHRISTOPHER F. DRONEY,
   *Circuit Judges.*

_____

MOHABAT PAL SINGH,
  *Petitioner,*

  v.          18-13
              NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:  Eric Hisey, Dalbir Singh & Associates, PC, New York, NY.

FOR RESPONDENT:  Chad A. Readler, Acting Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Christin M. Whitacre, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohabat Pal Singh, a native and citizen of India, seeks review of a December 4, 2017, decision of the BIA affirming a March 8, 2017, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohabat Pal Singh,* No. A 206 462 579 (B.I.A. Dec. 4, 2017), *aff'g* No. A 206 462 579 (Immig. Ct. N.Y. City Mar. 8, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review adverse credibility determinations under the substantial evidence standard. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an applicant's statements or between his statements and other evidence, "without regard to whether an inconsistency

2

. . . goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Singh was not credible as to his claim that Shiromani Akali Dal Badal and Bharatiya Janata Party ("Badal/BJP") members twice attacked him and killed his father because they were members of the Shiromani Akali Dal Amritsar Party ("SADA").

First, the agency reasonably relied on Singh's inconsistent descriptions of the events surrounding the first attack that he reported suffering. In his written statement, Singh asserted that he stood outside the police station for "hours" before he was arrested, but he testified that he waited only "half an hour." The agency was not required to accept Singh's explanation for this inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled*

3

to credit his testimony." (internal quotation marks omitted)).

Second, the agency reasonably relied on inconsistencies regarding Singh's educational and work history. Singh's initial application asserted that he stopped attending school in 2011 and worked in 2012 and 2013; his amended application asserted that he attended school through March 2013 and did not work; and his testimony was internally inconsistent and contradicted both written accounts. Singh offered no explanation for these discrepancies, and although he now argues that the agency should not have relied on inconsistencies arising from his initial application because he submitted an amended application prior to the hearing, the agency is entitled to consider the entire record in assessing credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Third, the agency reasonably relied on inconsistencies and omissions in the record concerning harassment of Singh's mother and break-ins at her home after Singh left India. Singh testified that his mother did not have many problems after he left the country, although Badal/BJP members sometimes asked about him, and denied that she had "any problems at the house." His mother's letter also did not mention break-ins or continued harassment. However, a letter

4

from the SADA Party asserted that Badal/BJP members repeatedly broke into Singh's former home and harassed his family.

Singh now argues that his testimony was consistent with the SADA letter and that he was not in a position to explain his mother's omission of the break-ins. But Singh's testimony that his mother did not have problems at her house contradicted his later testimony that she did and the SADA letter. Given this inconsistency, the agency did not err in also relying on the omission of the information from Singh's mother's letter. *See Xiu Xia Lin*, 534 F.3d at 167 (upholding agency's reliance on omission from letters submitted to corroborate persecution); *cf. Hong Fei Gao*, 891 F.3d at 77-79, 81 (cautioning that third party omission is less probative where there is no inconsistency).

Having questioned Singh's credibility, the agency reasonably relied on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency

5

reasonably declined to afford weight to letters from Singh's relatives and acquaintances because the authors were interested parties or were unavailable for cross-examination and, as discussed above, some of the documents were inconsistent with Singh's statements. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (finding that letters from the applicant's friends and family did not provide substantial support for the applicant's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). Singh's additional documentary evidence, which included a medical record, his father's death certificate, and identification documents, does not resolve or explain the inconsistencies that formed the basis of the agency's adverse credibility determination.

Given the multiple inconsistencies and lack of reliable corroboration, the adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165–67; *Biao Yang*, 496 F.3d at 273. Because Singh's claims were all based on the same factual predicate, the adverse credibility

6

determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court